IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:15-CV-00260-GCM

| | |
|---|---|
| TRACI PITTMAN, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| R. KEITH JOHNSON, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on Appellant's *pro se* Appeal from Bankruptcy Court. (Doc. No. 1, 11) Appellant failed to timely file her designations and statement of issues (Doc. No. 3), and as a result Appellee filed a Motion to Dismiss on July 23, 2015. (Doc. No. 4) Appellee later renewed that motion on September 10, 2015 after Appellant filed her Brief. (Doc. No. 12) Appellant opposed the Motion on September 21, and Appellee declined to file a Reply. (Doc. No. 13) For the following reasons, the Court **AFFIRMS** the ruling of the bankruptcy court.

## I. STANDARD OF REVIEW

This Court has jurisdiction over "final judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a). Courts in this circuit apply two standards of review for bankruptcy appeals: "The Bankruptcy Court's conclusions of law are reviewed *de novo* and its findings of fact are reviewed for clear error." *Campbell v. Hanover Ins. Co.*, 457 B.R. 452, 456 (W.D.N.C. 2011). "Typically, mixed questions of law and fact are also reviewed *de novo*." *Suntrust Bank v. Den-Mark Const., Inc.*, 406 B.R. 683, 686 (E.D.N.C. 2009); *see In re Litton*, 330 F.3d 636, 642 (4th Cir. 2003). When a bankruptcy appellant proceeds *pro se*, her filings are entitled to liberal construction. *In re Jenkins*, 784 F.3d 230, 235 n.3 (4th Cir. 2015).

## II. BACKGROUND

This appeal arises out of Paul C. Drago's Chapter 7 bankruptcy proceedings. Drago filed for bankruptcy on May 3, 2011.[1] (*In re. Paul C. Drago*, 3:11-bk-31150, Doc. No. 1) At the time, Drago was either engaged or married to Appellant Traci Pittman. (Doc. No. 4, Doc. No. 6) During the proceeding, Drago submitted a Statement of Financial Affairs in which he indicated, in response to Question 10, that he had transferred his interest in three limited liability companies to Pittman on April 27, 2010. (*In re. Drago*, 3:11-bk-31150, Doc. No. 19) Drago valued his interests in the companies at $2,000. (*Id.*) On February 2, 2015, the Trustee filed a motion to approve the sale of the three companies, asserting that the transfer to Pittman had not been enforceable. (*In re. Drago*, 3:11-bk-31150, Doc. No. 66) The Trustee estimated that the value of Drago's shares in the three companies was $25,000. (*Id.*) Pittman objected, arguing that the transfer had been effective and noting that her divorce proceedings with Drago were still pending in North Carolina Family Court. (*In re. Drago*, 3:11-bk-31150, Doc. No. 68) Apparently, the ownership of the LLCs had been adjudicated, or at least discussed, during the divorce proceedings. (*See* Doc. No. 6)

The bankruptcy court held a hearing on April 8, 2015. (*In re. Drago*, 3:11-bk-31150, Doc. No. 69) The court found that although the parties had signed a document stating that Drago had sold the LLCs to Pittman, neither party "took any action to notify any managers of the three (3) LLCs of the alleged sale and transfer," nor did they "take any action to comply with the

---

[1] Because Pittman failed to file her designations within the allotted time, there is no bankruptcy record in this case. However, the court may consider matters of which it may take judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The court is permitted to take judicial notice of filings in prior court proceedings related to pending action provided that they are a part of the public record and the matters therein constitute adjudicative facts—or facts whose accuracy cannot reasonably be questioned. *See Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 509 (4th Cir. 2015). Here, the Court takes judicial notice of the filings in Drago's bankruptcy proceedings for the limited purpose of explaining the posture of Appellant's appeal.

operating agreements of the three (3) LLCs in order to complete a transfer of these interests." (*Id.*) For this reason, the court held that Drago's legal, as opposed to economic, interests in the LLCs were never transferred to Pittman. (*Id.*) Accordingly, they became the property of the bankruptcy estate, and were properly subject to sale for the benefit of the estate's creditors. (*Id.*) The court also noted that Pittman had executed a document gifting any interest that she had in the LLCs back to Drago. (*Id.*) During the hearing, the court explained, Pittman did not deny that she signed that document, although she claimed she was not responsible for dating it June 9, 2011. (*Id.*) The court ultimately approved the sale of the assets, declared that the sale was free and clear of all liens (including Pittman's claim), and ordered the Trustee to prepare a proposed supplemental distribution to creditors. (*Id.*) The bankruptcy court issued its written order on May 12, 2015, and Pittman apparently did not appeal this order.

In response to the bankruptcy court's order, the Trustee filed a Motion to Approve Supplemental Disbursements on May 13, 2015. (*In re. Drago*, 3:11-bk-31150, Doc. No. 72) Pittman did not respond or object. The court granted the motion on June 2, 2015. (*In re. Drago*, 3:11-bk-31150, Doc. No. 73) Pittman filed a notice of appeal of that order on June 11, 2015. She did not file a motion to stay the disbursements pending her appeal, and as a result, the Trustee distributed the funds to the estate's creditors pursuant to the court's order. (Motion to Dismiss, ¶ 27)

### III. DISCUSSION

Appellant presents the following issues for appeal:

1. Whether the Bankruptcy Court erred by granting the Debtor's Motion to Approve Supplemental Disbursements by Trustee after the hearing where evidence showed that the property was not owned by debtor, and was not listed on his Schedule B as property. Furthermore the Appellant stated the subsequent alleged "gift" letter was coerced and invalid because it was not notarized and falsely dated by Appellee.

3

2. Whether the Bankruptcy Court erred by allowing Appellant's financial affidavit as evidence instead of the Final Pre-Trial Order which accurately stated the Investments were held by Owner (Appellant) and not the Joint Ownership clerical error on the financial affidavit.
3. Whether the Bankruptcy Court erred by allowing Appellant's financial affidavit as evidence and did not ask for Appellee's financial affidavit which did not list the named Investments as Appellee's assets.
4. Whether the Court erred by granting the Debtor's Motion to Approve Supplemental Disbursements by Trustee while the Mecklenburg County Family Court with the Honorable Judge McThenia, case # 12CVD021683 had not been ruled on yet and that the interest in the proposed LLCs ownership, as well as proof that the "gift" letter was coerced is part of that ruling, granting all 3 LLCs to Appellant.

After Appellant failed to timely file her designations and statement of issues, Appellee moved to dismiss the appeal on several grounds. As an initial matter, Appellee argues that Appellant's Statement of Issues does not identify any issues relevant to the bankruptcy court order that she actually appealed—namely the order granting the Trustee's Motion to Approve Supplemental Disbursements. (Doc. No. 12, ¶ 2) Appellee argues that Pittman is attempting to overcome her failure to appeal the court's order approving the sale by asserting issues related to that order in the instant appeal. (*Id.*) The Court agrees. Each of the issues that Plaintiff has identified challenge the bankruptcy court's underlying determination that Pittman had no claim to Drago's interests in the three disputed LLCs and that sale of those assets to benefit the estate's creditors was warranted. The first three challenge the evidentiary basis for the bankruptcy court's determination that Pittman had no valid interest in the LLC shares. The fourth suggests that the bankruptcy court should have stayed the proceedings while Drago and Pittman's divorce was still pending in state court. None of these issues seem to provide grounds for challenging the Order authorizing supplemental disbursements. Nevertheless, because Pittman is proceeding *pro se*, the Court will address Appellee's other arguments.

Appellee has also notified the Court that because Plaintiff failed to move to stay either of the bankruptcy court's orders, the LLCs have been sold, the proceeds from the sale have been

distributed to creditors, and the estate has no additional assets. (Doc. No. 12, ¶ 5; Doc. No. 4 ¶¶ 23-29) Appellee argues that these developments have mooted Pittman's appeal. (Doc. No. 12, ¶ 5; Doc. No. 4 ¶¶ 23-29) The Court finds that Fourth Circuit precedent supports Appellee's position. The Fourth Circuit has found on several occasions that the failure to obtain a stay of an approved sale can moot a bankruptcy appeal. *See, e.g.*, *Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *Matter of Nat'l Homeowners Sales Serv. Corp.*, 554 F.2d 636, 637 (4th Cir. 1977). This rule has sometimes been called the bankruptcy mootness doctrine, and it applies when a bankruptcy appellant fails to obtain a stay from an order permitting the sale of a debtor's assets, but subsequently appeals that order after the sale has occurred. *In re Onouli-Kona Land Co.*, 846 F.2d 1170, 1171 (9th Cir. 1988); *see also In re Spearman Food Distributors, Inc.*, No. 10-10409, 2011 WL 4595274, at *5 (W.D.N.C. Sept. 30, 2011) ("The pragmatic reasons for this rule of mootness should be obvious. Bankruptcy cases do not remain in stasis.").

The Fourth Circuit has classified bankruptcy mootness as an equitable doctrine, "based on prudence and practicality," and it has set out a four factor test for determining whether a bankruptcy appeal is moot:

> (1) whether the appellant sought and obtained a stay; (2) whether the . . . equitable relief ordered has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the . . . equitable relief granted; and (4) the extent to which the relief requested on appeal would affect the interests of third parties.

*Mac Panel Co. v. Va. Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002); *accord. In re U.S. Airways Grp., Inc.*, 369 F.3d 806, 809 (4th Cir. 2004).[2] Here, each of the relevant factors weighs in favor of finding that Appellant's claims are moot. First, Appellant did not seek a stay of the order

---

[2] Although *Mac Panel Co.* and *In Re U.S. Airways* involved Chapter 11 bankruptcy proceedings, the Fourth Circuit has applied the same test in the Chapter 7 bankruptcy context. *See, e.g.*, *In re Shawnee Hills, Inc.*, 125 F. App'x 466 (4th Cir. 2005) (per curiam) (unpublished); *In re Fraidin*, 124 F. App'x 212 (4th Cir. 2005) (per curiam) (unpublished).

approving the disbursement of funds. As a result, the equitable relief ordered by the bankruptcy court was fully consummated, and all of the proceeds from the sale of the LLCs were distributed to the estate's creditors. Thus, the second factor also supports a finding of mootness. Next, the relief that Appellant requests, seemingly the retrieval of Drago's shares in the LLCs or the proceeds from their sale, would completely reverse the bankruptcy court's order. And lastly, if Appellant were to receive her requested remedy, the burden would fall entirely on the estate's creditors. Under these circumstances, the Court finds that Appellant's claim is moot. Because Appellant's claim is moot, the Court need not address Appellee's remaining argument, namely that Appellant lacks standing to appeal the bankruptcy court's order authorizing supplemental distributions because she is not a creditor of the estate.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Order of the Bankruptcy Court is **AFFIRMED** and this appeal is hereby **DISMISSED**. The Clerk of Court is directed to close this case.

**SO ORDERED.**

Signed: December 1, 2015

*/s/ Graham C. Mullen*

Graham C. Mullen
United States District Judge